THOMAS, Justice.
The appellant prayed for the foreclosure of a lien tor services he performed and materials he furnished in decorating certain property with murals and sculpture. He was employed by a lessee and in his suit he joined as defendants, with the lessee, the guardians of the lessors, and the assignees of a collateral assignment of the lease.
Before the suit was brought the lessee had ceased business and had forfeited all its rights under the lease because of failure to fulfill its obligations, and the appellant considered that there was no interest of the lessee to which his lien could attach. He failed to fasten a lien on the *179 title of the lessors, so the chancellor ruled when he entered summary decree following his opinion that there “[was] a clear absence of any actual agency, or any lease requirement for the improvements such as are necessary to subject the fee to the lien.”
The appellant represents that his right to a lien or lack of it, depends on the question whether or not the lessors in effect established the lessee as their agent with authority to subject the property to liens for labor done and material furnished in improvements which the lessee was bound by the lease to furnish. The appellant relied on Sec. 84.03(2), Florida Statutes 1953, and F.S.A., which contains the provision: “When an improvement is made by a lessee, in accordance with a contract between such lessee and his lessor, liens shall extend also to the interest of such lessor.”
We turn now to the lease to learn its' terms with reference to improvements that were to be made by the lessee. To meet the requirements of the instrument, the lessee, as soon as it was executed, placed in escrow $50,000 to be used to “furnish and equip” the premises and all bills for those purposes were to be paid from the escrow fund when approved by both lessor and lessee. If the sum in escrow proved insufficient to pay for the “furniture, furnishings and improvements,” required by the lease then the lessee was privileged “to purchase additional furniture, furnishings, and fixtures” on stated terms. It was stipulated that the lessee should buy “furniture, furnishings, fixtures and equipment” in an amount not less than $50,000.
The lessor was obligated to “complete the improvements and buildings * * * in the course of construction” at the time the lease was executed.
It was specified in the lease that the property was to be used as a cocktail lounge, restaurant, store for the sale of beer, wine and liquor in packages, and for allied purposes.
The lessee pledged to the lessor as security for the rent all furniture and fixtures put upon the premises by it and agreed that all the fixtures, furniture and furnishings should become the property of the lessor and be surrendered with the premises upon expiration of the lease for any cause.
From the parts of the lease pertinent to this controversy we gather that in-completed buildings were being leased to the lessee and that the lessor was bound to finish them while the lessee was obligated to provide furniture, furnishings and fixtures. The combined efforts of the parties would result in the whole property being put in such condition that it would be attractive to customers and produce income.
Considering the nature of the agreement as well as the use to which the property was restricted, it is apparent that decoration was contemplated by the parties.
Within two months after the execution of the lease the appellant and the lessee-contracted for the design and direction by-the former of interior and exterior decorative work, and materials required for the sum of $6000. One of the lessors actually participated in negotiating the contract between the appellant and the lessee, and' after the work was begun, observed the-appellant performing it. Moreover it is. shown in the record that the contract price-was reduced to the amount now claimed: by payments from the escrow fund.
Inasmuch as we construe the lease to. have required the lessee to furnish the decorations which the lessee employed the-appellant to provide, we hold that the appellant was protected by the statute we-have quoted.
The lessor had an immediate advantage-because the security for his rent was enhanced, and he had an ultimate interest-because he was to get all improvements,, furnishings, and so forth, provided by the-lessee.
After considering the lease as a whole,, we come to the conclusion that the work, appellant was employed by the lessee to. *180 perform amounted to “an improvement * * * made by [the] lessee, in accordance with [the] contract between such lessee and his lessor,” and that consequently the lien of appellant extended also “to the interest of such lessor.” (Italics supplied.) Robert L. Weed, Architect, Inc., v. Horning, 159 Fla. 847, 33 So.2d 648.
We decide that the chancellor erred when he held that a summary decree should be entered in favor of the lessors.
The summary decree is reversed with directions to proceed in accordance with the views we have expressed.
TERRELL and THORNAL, JJ., and PATTERSON, Associate Justice, concur.
DREW, C. J., and HOBSON, J., concur in part and dissent in part.
ROBERTS, J., dissents.